# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| WELLS FARGO BANK, N.A., | ) |
| | ) |
| | ) Civil Action No. _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HENCEL GLOBAL IMPORTS LLC, | ) |
| HENRY CELESTINE, JESSICA LILLY | ) |
| HUGHES, JONI J. GOODRUM, and | ) |
| ARON C. GOODRUM, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR INTERPLEADER

Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its attorneys, Fox Rothschild LLP, and pursuant to 28 U.S.C. §§ 1335 and 2361, by way of Complaint for Interpleader against Defendants, Hencel Global Imports LLC ("Hencel Global"), Henry Celestine ("Celestine"), Jessica Lilly Hughes ("Hughes"), Joni J. Goodrum, and Aron C. Goodrum (Joni J. Goodrum and Aron C. Goodrum shall together be referred to herein as the "Goodrums") (all Defendants shall collectively be referred to herein as the "Claimant Defendants"), hereby alleges as follows:

127875032.2

## NATURE OF ACTION

1.  This interpleader action arises out of a dispute between the Claimant Defendants concerning a July 2, 2021 wire transfer in the amount of $147,265.00 from Hughes' account at USAA Federal Savings Bank to Hencel Global's Initiate Business Checking Account at Wells Fargo, as well as an August 5, 2021 wire transfer in the amount of $75,000.00 from the Goodrums' account at JPMorgan Chase Bank, N.A. to Hencel Global's Initiate Business Checking Account at Wells Fargo.

2.  After the wire transfers, a portion of the funds were transferred from Hencel Global's Initiate Business Checking Account at Wells Fargo to Celestine's Everyday Checking Account at Wells Fargo.

3.  The Claimant Defendants, in connection with the July 2 and August 5, 2021 wires, are alleging entitlement to and/or are refusing to release the wire proceeds presently being held and restrained in Hencel Global and Celestine's accounts at Wells Fargo.

4.  Wells Fargo, as a disinterested stakeholder, seeks to interplead the disputed, restrained funds into the Court Registry to allow the Claimant Defendants to litigate their respective claims to the restrained funds amongst themselves.

## PARTIES

5. Wells Fargo is a national banking association with its main office, as set forth in its Articles of Association, in Sioux Falls, South Dakota. Accordingly, Wells Fargo is a citizen of South Dakota.

6. Hencel Global is limited liability company organized under the laws of Georgia, with its principal place of business in Stone Mountain, Georgia. Additionally, the restrained Wells Fargo bank account belonging to Hencel Global that received the wire transfers at issue, was opened and maintained in Duluth, Georgia.

7. Celestine is a resident and citizen of Marietta, Georgia. Additionally, the restrained Wells Fargo bank account belonging to Celestine that received a portion of the funds from the wire transfers at issue, was opened and maintained in Duluth, Georgia.

8. Hughes is a resident and citizen of Katy, Texas.

9. The Goodrums are both residents and citizens of Cedar Park, Texas.

## JURISDICTION AND VENUE

10. This is an action for interpleader of a sum that exceeds $500.00

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1335 and 2361, in that there is diversity of citizenship between at least two of the

Claimant Defendants, and the amount in controversy in this action exceeds $500.00, exclusive of interest and costs.

12.     This Court has jurisdiction over the Claimant Defendants because the funds at issue were wired to and remain restricted in Hencel Global and Celestine's accounts at Wells Fargo that were opened and maintained at all materials times in Duluth, Georgia. Furthermore, 28 U.S.C. § 2361 grants district courts authority to issue nationwide service of process in statutory interpleader actions.

13.     Venue is appropriate in this Court pursuant to the provisions of 28 U.S.C. § 1391, since a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS COMMON TO ALL CLAIMS

14.     At all times material hereto, Hencel Global maintained a Wells Fargo Initiate Business Checking Account (Account No. XXXXXX9180; the "Hencel Global Account").

15.     Celestine is the owner of Hencel Global and the sole authorized signer for the Hencel Global Account.

16.     At all times material hereto, Celestine maintained a Wells Fargo Everyday Checking Account (Account No. XXXXXX8202; the "Celestine Account").

17. On July 2, 2021, the Hencel Global Account received a wire transfer from Hughes' account at USAA Federal Savings Bank in the amount of $147,265.00 (the "First Wire").

18. On August 5, 2021, the Hencel Global Account received a wire transfer from the Goodrums' account at JPMorgan Chase Bank, N.A. in the amount of $75,000.00 (the "Second Wire").

19. After the First Wire and Second Wire, a portion of the funds were transferred from the Hencel Global Account to the Celestine Account.

20. On August 5, 2021, Wells Fargo received a recall request for the Second Wire from the Goodrums based on alleged fraud.

21. On September 2, 2021, Wells Fargo received a recall request for the First Wire from Hughes based on alleged fraud.

22. Accordingly, Wells Fargo restrained the collective remaining wire proceeds of **$47,539.46** (the "Restrained Proceeds")[1] ($36,202.00 in the Hencel Global Account and $11,337.46 in the Celestine Account), which remain restrained at this time.

---

[1] This amount may change due to account charges, interest payments and/or tax withholding by the bank, as applicable.

23. Despite repeated requests, Hencel Global and Celestine have refused to allow Wells Fargo to debit the Hencel Global Account and Celestine Account, respectively, and return the Restrained Proceeds to Hughes and the Goodrums in accordance with the deposit account agreement.

24. Accordingly, there is now a dispute as to which of the Claimant Defendants are entitled to the Restrained Proceeds.

25. Wells Fargo now seeks to interplead the Restrained Proceeds into the Court Registry to allow the Claimant Defendants to make their respective legal claims to the Restrained Proceeds.

26. The relationships between (a) Wells Fargo and Hencel Global relative to the Hencel Global Account; and (b) Wells Fargo and Celestine relative to the Celestine Account are currently governed by the Wells Fargo Deposit Account Agreement effective November 9, 2020, (the "Account Agreement"), a true and correct copy of which is attached hereto as **Exhibit A.**

27. Wells Fargo has retained the undersigned attorneys to represent it in this action and has agreed to pay them a reasonable fee.

28. Wells Fargo is entitled to recover its reasonable attorneys' fees and costs in this action pursuant to the Account Agreement and applicable law.

29. All conditions precedent to recovery have been performed, waived or have occurred.

## COUNT I
## (INTERPLEADER)

30. Wells Fargo repeats, realleges and incorporates all of the allegations made in paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. At this time there exist rival, adverse and conflicting claims between the Claimant Defendants as to the Restrained Proceeds.

32. Wells Fargo claims no interest in the Restrained Proceeds and has done nothing to create the dispute over entitlement to the Restrained Proceeds.

33. By reason of the conflicting claims to the Restrained Proceeds, Wells Fargo is in doubt as to who is entitled to the Restrained Proceeds, is in danger of being exposed to double or multiple liability, and cannot safely remit the Restrained Proceeds without the aid of this Court.

34. Wells Fargo is ready, willing, and able to deposit the Restrained Proceeds into the Court Registry, or to any other custodian or trustee the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Wells Fargo Bank, N.A. respectfully requests the following relief:

127875032.2

A. That this Court take jurisdiction over the parties, and permit Wells Fargo to deposit the Restrained Proceeds with the Registry of the Court;

B. That this Court issue an order requiring the Claimant Defendants to the above-styled cause to interplead as to their rights and settle or litigate amongst themselves their claims and rights to the Restrained Proceeds;

C. That Wells Fargo be discharged from all liability to any of the parties to this action concerning Wells Fargo's obligations related to the Restrained Proceeds, the First Wire, the Second Wire, the Hencel Global Account and the Celestine Account;

D. That the Claimant Defendants be enjoined and prohibited from instituting any actions against Wells Fargo and/or its agents, affiliates, employees, and servants, regarding the Restrained Proceeds, the First Wire, the Second Wire, the Hencel Global Account and the Celestine Account;

E. That Wells Fargo, pursuant to the Account Agreement and applicable law, be awarded its costs and reasonable attorneys' fees, to be paid from the Restrained Proceeds, for bringing this action;

F. That Wells Fargo be dismissed as a party to this action; and

G. For such other and further relief as this Court deems just, equitable, and proper.

127875032.2

|  |  |
|---|---|
|  | *s/ Elizabeth G. Brunette* |
|  | Elizabeth G. Brunette |
|  | Georgia Bar No. 560454 |
|  |  |
|  | *Attorneys for Plaintiff,* |
|  | *Wells Fargo Bank, N.A.* |

FOX ROTHSCHILD LLP
999 Peachtree Street N.E.
Suite 1500
Atlanta, Georgia 30309
(404) 962-1000 – Telephone
(404) 962-1200 – Facsimile
*ebrunette@foxrothschild.com*


Dated: Atlanta, Georgia
         November 19, 2021